UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

                                          Case No.: 16-73975-ast

Andrew Samuel Mackey,

                                          Chapter 13

                       Debtor.
--------------------------------------------------------X

## DECISION AND ORDER DENYING
## MOTION TO VACATE ORDER OF DISMISSAL

On August 30, 2016, Debtor, through counsel, filed a petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").[1]

On August 31, 2016, Debtor filed a motion (the "Compliance Motion") seeking to waive Debtor's compliance with § 521(b)(1), which requires Debtor to file "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to [Debtor]," claiming that he could not and cannot comply with the credit counseling requirement because of a disability. [dkt item 5] Specifically, Debtor claimed he is "presently incarcerated, and was therefore unable to participate in a pre-filing telephone or Internet credit counseling briefing." *Compliance Motion*, at p. 2.

On October 18, 2016, the Court entered an Order (i) denying the Compliance Motion in all respects on the grounds that incarceration is not considered a disability under § 109(h)(4); and (ii) dismissing Debtor's chapter 13 case (the "Dismissal Order"). [dkt item 19]

On October 27, 2016, Debtor filed a motion to vacate the Dismissal Order (the "Motion to Vacate") along with a copy of a Certificate of Credit Counseling (the "Certificate"). [dkt items 21, 22] Debtor argued that the Dismissal Order should be vacated because he was able to complete

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code.

a credit counseling course as demonstrated by the Certificate.  The Certificate states that Debtor received the counseling briefing via the internet on October 27, 2016 at 3:59 p.m. (EDT).

On November 15, 2016, the Court held a hearing (the "November 15 Hearing") on the Motion to Vacate.  As set forth on the record of the November 15 Hearing, the Court conditionally granted the Motion to Vacate, and directed Debtor's counsel to file a letter on the case docket that stated affirmatively whether Debtor remained incarcerated or was released when the course was taken, and if Debtor was released, the date on which that occurred.

On November 17, 2016, Debtor's counsel filed a letter stating, among other things, that "Debtor remains incarcerated at this time."  [dkt item 24]

On December 23, 2016, the Court entered an order to further clarify the circumstances under which the Certificate was obtained (the "Order to Clarify").  [dkt item 27]  The Order to Clarify directed Debtor, through counsel, to file a letter to affirmatively state whether the credit counseling briefing (the "Briefing") referenced in the Certificate was completed by Debtor while incarcerated, and if the answer was yes, to identify the name and location of the institution where Debtor was incarcerated and whether that institution's applicable regulations/rules/policies permitted an inmate to access and use the internet there.  In the event that the Briefing was completed while Debtor was not incarcerated, the Court required an affidavit from Debtor stating when he was released and to provide a copy of the release documents.

On January 4, 2017, Debtor's counsel filed a letter (the "Supplemental Letter") in response to the Order to Clarify.  [dkt item 29]  In the Supplemental Letter, Debtor's counsel informed the Court for the first time that "Debtor's Credit Counseling Course was completed by Debtor's wife, Ms. Bernice Byrd-Mackey [("Ms. Byrd")] pursuant to the powers conferred upon her as Debtor's true and lawful attorney-in-fact."  A copy of a power of attorney (the "Power of Attorney"), dated

May 21, 2012, was attached as an exhibit to the Supplemental Letter. The Power of Attorney provides that the document is governed by the laws of the State of Georgia. No affidavit from Ms. Byrd was submitted attesting to the circumstances under which the Certificate was obtained.

Notably, the Certificate provides in pertinent part as follows:

> [O]n October 27, 2016, at 3:59 o'clock PM EDT, Andrew S. Mackey received from Urgent Credit Counseling, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Eastern District of New York, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.
>
> A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.
>
> This counseling session was conducted by internet.

On January 8, 2017, the Court entered a supplemental order (the "Supplemental Order") to further clarify the circumstances under which the Certificate was obtained and requested that the Office of the United States Trustee (the "UST") file a brief addressing the matter, and specifically the question of whether the Certificate satisfied the requirements under the Bankruptcy Code and any associated rules. [dkt item 32][2]

On February 28, 2017, the UST filed a memorandum concerning the validity of the Certificate (the "Memorandum"). [dkt item 37] The UST argued, *inter alia*, that the Certificate was deficient, therefore, Debtor did not satisfy § 109(h) and, therefore, Debtor is ineligible to be a debtor. Specifically, the UST notes that the United States Trustee Program (the "Program")

---

[2] While the Court awaited the submission of papers from the UST pursuant to the Supplemental Order, on January 10, 2017, Debtor filed another petition for relief under chapter 13 of the Bankruptcy Code. Debtor's second chapter 13 case was assigned Case No. 17-70140 (the "Second Case"). Debtor is represented in the Second Case by the same counsel he has in the instant case (the "First Case"), Daniel Kohn of the RC Law Group PLLC. Debtor used the same Certificate in the Second Case as he filed in the First Case. The Chapter 13 Trustee filed a motion to dismiss the Second Case for reasons unrelated to the validity of the Certificate filed in the Second Case. [Case No. 17-70140, dkt item 20] That case has been dismissed. [Case No. 17-70140, dkt item 23]

3

oversees the administration of bankruptcy cases, and as an aid to the public, has created a website which contains answers to frequently asked questions; among the information stated on its external website is the Program's position that a credit counseling certificate obtained by a third party acting as a debtor's legal representative must "set forth the name of the legal representative and legal capacity of that representative."  28 C.F.R. § 58.22(o).

The UST further asserts that in crafting the final rule, the Program responded to comments concerning 28 C.F.R. § 58.22(o) as follows: "EOUST (Executive Office of the United States Trustee) declines to prohibit third parties from completing counseling on behalf of a debtor under appropriate circumstances, such as under a valid power of attorney sufficient to authorize the individual to file a bankruptcy petition on behalf of a client," but that such a certificate must disclose the legal representative's involvement, and provide "full disclosure to court and other parties concerning the debtor's participation in counseling."  Application Procedures and Criteria for Approval of Nonprofit Budget and Credit Counseling Agencies by United States Trustees, 78 FR 16138-01, 16147 (Mar. 14, 2013) (to be codified at 28 C.F.R. pt. 58).  The Certificate at issue here fails to disclose the name of the representative who actually took the course, fails to describe the representative's legal capacity, and therefore does not comply with the requirements of 28 C.F.R. § 58.22(o).

This Court agrees. In addition, this Court is concerned that despite direct questions concerning the Certificate, Debtor and counsel failed to be forthcoming with the information that Debtor did not take the course as the Certificate represents; his wife did.  This constitutes a lack of the candor required of debtors and counsel in dealing with the Court.

Because the Court has determined that the Certificate is legally ineffective, and therefore Debtor is ineligible to be a debtor under § 109(h), it need not reach the UST's additional arguments

4

Case 8-16-73975-ast    Doc 39    Filed 03/21/17    Entered 03/22/17 15:46:29

that the power of attorney utilized by Debtor's wife did not conform with Georgia statutory requirements for powers of attorney and was legally ineffective to allow her to take the course or file a bankruptcy case on his behalf, and that the Certificate was also untimely.

Based on the foregoing, it is hereby

**ORDERED**, that the Motion to Vacate is denied; the Clerk of Court shall expeditiously close this case.



**Dated: March 21, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

5